UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

HENRY W. HARTSHORN,

                        Plaintiff,

   v.                                                  Case No. 17-cv-98-pp

MICHAEL L. SIEVERT,
LANCE A. LINCOLN, and
JOHN DOES,

                        Defendants.

_____

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER CASE
TO GREEN BAY DIVISION (DKT. NO. 17)**

_____

On August 18, 2017, the named defendants filed an answer to the plaintiff's *pro se* complaint. Dkt. No. 16. They also filed a motion to transfer the case to the Green Bay division of the United States District Court for the Eastern District of Wisconsin. Dkt. No. 17. The defendants argue that the events that gave rise to the complaint took place the Village of Pembine in Marinette County, Wisconsin, approximately fifty-five miles from the federal courthouse in Green Bay Wisconsin, and 171 miles from the federal courthouse in Milwaukee. Id. at 1. They also submit that all of the defendants are employees of the Marinette County Sheriff's Office, and argue that a trial in Milwaukee would require a number of witnesses to appear in Milwaukee and could disrupt the operation of the Marinette County Sheriff's Office. Id. at 1-2. Finally, the defendants note that the plaintiff currently is incarcerated at Green Bay Correctional Institution in Green Bay, Wisconsin. Id. at 2.

Under the court's policy, the clerk's office randomly assigns §1983 cases filed by prisoners, rather than assigning them to geographic divisions. Under 28 U.S.C. §1404(a), however, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." In this case, the court believes that it is in the interest of justice and in the convenience of all the parties to transfer the case to the Green Bay division. The court will grant the motion.

The court notes that it did not consider this motion under Civil Local Rule 7(h) because "[t]he provisions of subsection (h) do not apply to 42 U.S.C. §1983 actions brought by incarcerated persons proceeding pro se." Civil L. R. 7(h)(3). The court cautions the defendants to remember this rule when making future filings.

The court **GRANTS** the defendants' motion to transfer case to Green Bay Division. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**